J-S12034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| GEORGE JOSEPH SALATA, | : | |
| Appellant | : | No. 1447 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 9, 2018
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001148-2017

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: APRIL 29, 2019**

George Joseph Salata ("Salata") appeals from the judgment of sentence entered following his conviction of two counts of aggravated assault, and one count of criminal attempt (homicide).  Counsel for Salata has filed a Petition to Withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's Petition to Withdraw and affirm Salata's judgment of sentence.

During the evening of January 23, 2017, Salata and Michael Gontz ("Gontz") exchanged hostile text messages, while Gontz was in a bar in Hazelton, Pennsylvania.  Salata threatened Gontz and Gontz's son in the text messages.  Salata indicated that he was on his way to the bar.  However, Gontz subsequently left the bar to look for Salata.  According to Gontz,

> I got as far as the corner of where [Salata's] house is and stood out in the street, and I realized [that] he wasn't coming out[,] so I had decided, I remember making a decision to turn around and just go home. But I heard something from behind me and turned my head to look and that's when I got shot.

N.T., 2/12/18, at 66. As a result of being shot in the head, Gontz suffered serious and permanent injuries, including the loss of hearing in one ear.

Dominick Fornato ("Fornato"), a code and safety enforcement officer for the City of Hazelton, heard the gunshot while he was working on Locust Street. Upon Fornato's arrival at the scene, he observed Gontz in the middle of 20th Street, on his hands and knees, bleeding from the right side of his face. Fornato observed a large pool of blood on the ground near Gontz, with some footprints "around the victim." *Id.* at 29. Karen Cundro ("Cundro"), a nearby resident, awakened after hearing a loud bang. She looked outside and observed a man lying on the street, face down, and another man standing nearby. According to Cundro, the man who was standing turned and walked away from the scene. Another nearby resident, Yamira Feliz, heard a loud boom that same evening, after which she observed Salata in his back yard, carrying a shotgun.

Following a jury trial, Salata was convicted of the above-described charges. For his conviction of criminal attempt, the trial court sentenced Salata to a standard-range prison term of 240-480 months in prison. For his conviction of aggravated assault, the trial court sentenced Salata to a

- 2 -

concurrent, standard-range prison term of 48-96 months.[1]  Salata filed post-sentence Motions, which the trial court denied.  Thereafter, Salata filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

We may not address the merits of issues raised on appeal without first reviewing the request to withdraw.  **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005).  Therefore, we review counsel's Petition to Withdraw at the outset.  Our Supreme Court's decision in **Santiago** did not alter the procedural requirements counsel must satisfy in requesting to withdraw from representation.  Counsel must (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.  **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009).

Here, counsel's Petition to Withdraw states that he has reviewed the record and concluded that the appeal is frivolous.  Additionally, counsel notified Salata that he was seeking permission to withdraw, furnished Salata with copies of the Petition to Withdraw and **Anders** brief, and advised Salata

---

[1] Salata's remaining aggravated assault conviction merged at sentencing.

of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention.[2]  Accordingly, counsel has satisfied the procedural requirements of **Anders**.

Having concluded that counsel has complied with the procedural mandates of **Anders**, we next determine whether counsel's **Anders** brief meets the substantive dictates of **Santiago**.  According to **Santiago**, in the **Anders** brief that accompanies the petition to withdraw, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Here, counsel's **Anders** brief sets forth the factual and procedural history of the case.  Additionally, counsel refers to issues that could arguably support the appeal, and concludes that the issues are wholly frivolous. Accordingly, counsel has complied with the minimum requirements of **Anders**/**Santiago**.

In the **Anders** brief, counsel identifies the following issues for our review:

> 1. Whether the Commonwealth proved by sufficient evidence that [Salata] committed the crimes of [a]ggravated [a]ssault and [c]riminal [attempt]-[c]riminal [h]omicide[?]

_____

[2] Salata has not filed any supplemental materials with this Court.

- 4 -

  2. Whether the trial court abused its discretion in sentencing
     [Salata?]

***Anders*** Brief at 1.

Salata first challenges the sufficiency of the evidence underlying his convictions. ***See Anders*** Brief at 6. Specifically, Salata asserts that the Commonwealth failed to establish that he, in fact, was the assailant. ***Id.*** Salata further asserts that circumstantial evidence is not sufficient to sustain his convictions. ***Id.*** at 6-7.

In its Opinion, the trial court deemed the issue waived based upon the lack of specificity in Salata's Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. ***See*** Trial Court Opinion, 10/16/18, at 2 (unnumbered). The trial court further reviewed the applicable law and the evidence presented at trial, and concluded that the evidence was sufficient to sustain Salata's convictions. ***See id.*** at 2-5. We agree with the sound reasoning of the trial court, and affirm on this basis with regard to Salata's first claim. ***See id.***

In his second claim, Salata challenges his sentences as excessive. ***See*** Brief for Appellant at 5. However, as the trial court observed in its Opinion, Salata's Pa.R.A.P. 1925(b) Concise Statement failed to specify "how, why or in what manner [the trial court] abused its discretion in sentencing [Salata]." Trial Court Opinion, 10/16/18, at 5. The trial court further addressed the merits of Salata's claim of an excessive sentence, and concluded that the claim

lacks merit. ***See id.*** at 5-8. We agree with the sound reasoning of the trial court, as expressed in its Opinion, and affirm on this basis with regard to Salata's sentencing claim. ***See id.***

We further agree with counsel's assessment that the claims lack merit, and our independent review confirms that the appeal is wholly frivolous. We therefore grant counsel's Petition to Withdraw, and affirm Salata's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/2019

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                    : OF LUZERNE COUNTY
                                    :
            VS.                     : CRIMINAL DIVISION
                                    :
                                    :
GEORGE JOSEPH SALATA                : NO: 1148 OF 2017

## OPINION PURSUANT TO RULE 1925(a)(1)

BY THE HONORABLE MICHAEL T. VOUGH

This matter arises from an information filed by the Luzerne County District Attorney against Defendant, George Salata, on May 25, 2017. Defendant was charged with one count of criminal attempt to commit criminal homicide and two counts of aggravated assault. These charges resulted from an incident which occurred in the City of Hazleton during the early morning hours of January 24, 2017, when the Defendant approached the victim from behind as he was standing in the street and shot him in the face.

Defendant entered a plea of not guilty and proceeded to a jury trial. On February 14, 2018, Defendant was found guilty of criminal attempt to commit criminal homicide and two counts of aggravated assault. Based upon his prior record score of two, a standard range sentence of two hundred forty to four hundred eighty months was imposed on the attempted homicide charge. A concurrent sentence of forty-eight to ninety-six months was imposed on the first count of aggravated assault and the second count of aggravated assault merged with the first.

On April 13, 2018, a post-sentence motion was filed on behalf of Defendant. This motion requested a judgment of acquittal, a new trial and a reconsideration of sentence. Defendant's post-sentence motion was denied by Order dated August 9, 2018.

A notice of appeal was filed on August 29, 2018. An order was then issued by this Court on the same date which required that Defendant file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days. A concise statement was filed on behalf of Defendant on September 18, 2018. The concise statement raised two issues:

"Whether the Commonwealth proved by sufficient evidence that the Defendant committed the crime of Aggravated Assault and Criminal Attempt-Criminal Homicide" and "Whether the trial court abused its discretion in sentencing the Defendant".

When challenging the sufficiency of the evidence on appeal, the appellant's "1925(b) statement needs to specify the element or elements upon which the evidence was insufficient" to preserve the issue for appeal. Commonwealth v. Williams, 959 A.2d 1252, 1257 (Pa.Super. 2008). If appellant's 1925(b) statement fails to identify the unproven elements, the sufficiency issue is waived for purposes of appeal. Id. Nowhere in Defendant's 1925(b) statement does he specify any element of criminal attempt to commit homicide or aggravated assault allegedly unproven by the Commonwealth. Therefore, this issue is waived.

Even if Defendant's sufficiency argument was not waived, it would still fail. The standard of review for challenges to the sufficiency of the evidence requires that the record be evaluated in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." Commonwealth v. Brewer, 876 A.2d 1029, 1032 (Pa.Super. 2005). There is no requirement that the Commonwealth establish guilt to a mathematical certainty. Id. "The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence." Commonwealth v. Aguado, 760 A.2d 1181, 1185 (Pa.Super. 2000). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa.Super. 2001). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of

wholly circumstantial evidence." Id. "The fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." Commonwealth v. Murphy, 795 A.2d 1025, 1038-39 (Pa.Super. 2002). We may not substitute our judgment for that of the fact finder. Brewer, 876 A.2d at 1032. As long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. Id. "A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution." Widmer, 744 A.2d at 751.

To obtain a conviction for criminal attempt to commit criminal homicide, the Commonwealth must prove beyond a reasonable doubt that the Defendant did a certain act with the specific intent to kill and that the act constituted a substantial step toward the commission of the killing the Defendant intended to bring about. 18 Pa.C.S.A. Section 901(a). To obtain a conviction for aggravated assault, causing serious bodily injury, the Commonwealth must prove beyond a reasonable doubt that the Defendant caused serious bodily injury to the victim intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S.A. Section 2702(a)(1). A conviction for aggravated assault, causing bodily injury with a deadly weapon, requires that the Commonwealth prove beyond a reasonable doubt that the Defendant caused bodily injury to the victim intentionally or knowingly with a deadly weapon. 18 Pa.C.S.A. Section 2702(a)(4). This Court has no hesitation in finding that the elements of all three offenses were proven beyond a reasonable doubt.

Testimony was presented by the Commonwealth which established that numerous threats were made by the Defendant against the victim by text messages immediately proceeding the shooting. N.T. 2/13/18 at 163-168. These text messages included numerous threats to kill. The victim also testified regarding the text messages he received from the Defendant threatening to kill him. Id. at 65. A witness residing near the Defendant testified that the Defendant was her neighbor and the shooting occurred near her residence. Id. at 52, 55. She also stated that she looked out her window after hearing a "big boom" and saw the Defendant walking towards his backyard carrying a shotgun. Id. at 52, 54, 57. Footprints leading from the scene of the shooting to the rear door of Defendant's residence were observed by a Hazleton City Police Officer. Id. at 76. The victim also testified to standing in the street outside the Defendant's residence immediately prior to being shot. Id. at 66. Finally, the Defendant indicated that he shot someone in the face during the intake process at the Luzerne County Correctional Facility. Id. at 94. He also testified that he had used a shotgun. Id. at 88.

The victim suffered serious and permanent injuries as a result of the shooting which included the loss of hearing on one ear. Id. at 68. He was treated at the Lehigh Valley Hazleton Hospital emergency room for various head and facial injuries including an avulsion to the right side of his face extending from the right mastoid and cheek through the ear and into the occiput of the scalp. N.T. 2/14/18 at 190. He also had a subarachnoid bleed inside his brain and other significant injures requiring plastic surgery. Id. at 194. Multiple spherical rounds which would be indicative of a shotgun were observed in the victim's face by the emergency room physician. Id. at 196. A Remington 12 gauge shotgun was located in the Defendant's bedroom closet. N.T. 2/13/18 at 111. Due to the nature of his injuries, the victim had to be transported to the Lehigh Valley Cedar Crest Hospital in Allentown. Id. N.T. 2/14/18 at 194.

Upon review of the testimony presented, it is clear that the Commonwealth established beyond a reasonable doubt that the Defendant shot the victim in the face with specific intent to

kill and the shooting constituted a substantial step toward the commission of the killing intended by Defendant. The Commonwealth also established beyond a reasonable doubt that Defendant intentionally caused serious bodily injury to the victim under circumstances manifesting extreme indifference to the value of human life and he used a deadly weapon to do so. More than sufficient evidence was introduced by the Commonwealth to establish Defendant's guilt on the aggravated assault and criminal attempt to commit homicide charges.

Defendant also raised an abuse of discretion issue with regard to sentencing. Nowhere does Defendant indicate how, why or in what manner this Court abused its discretion in sentencing Defendant.

Issues not stated with sufficient specificity in a concise statement of matters complained of on appeal are waived. Commonwealth v. Eichinger, 108 A.3d 821, 850 (Pa. 2014). A Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." Commonwealth v. Hansley, 24 A.3d 410, 415 (Pa.Super. 2011) citing, Commonwealth v. Reeves, 907 A.2d 1, 2 (Pa.Super. 2006) appeal denied, 919 A.2d 956 (Pa. 2007). "A concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all." Commonwealth v. Dowling, 778 A.2d 683, 686-87 (Pa.Super. 2001). If the court has to guess at the issues raised, our review and legal analysis can be fatally impaired. Hansley, 24 A.3d at 415; Dowling, 778 A.2d at 686. Because Defendant's concise statement fails to identify the issue he wishes to raise with sufficient specificity, we find that it has impaired meaningful review and is waived.

Even if Defendant's abuse of discretion claim regarding his sentence were to be considered, it would be without merit. When considering whether to affirm a sentencing court's determination, the proper standard of review is an abuse of discretion. Commonwealth v. Smith, 673 A.2d 893, 895 (Pa. 1996). "Imposition of a sentence is vested in the discretion of the

sentencing court and will not be disturbed absent a manifest abuse of discretion". Id. An abuse of discretion is more than a mere error of judgment. Id. A sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Id. "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." Commonwealth v. Moury, 992 A.2d 162, 170 (Pa.Super. 2010). "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." Id.

There is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Mouzon, 812 A.2d 617, 621 (Pa. 2002). An appellant must demonstrate that there is a substantial question that the sentence is not appropriate under the sentencing code. Commonwealth v. Boyer, 856 A.2d 149, 152 (Pa. Super. 2004). "A substantial question exists where appellant sets forth a plausible argument that the sentence violates a particular provision of the sentencing code or is contrary to the fundamental norms underlying the sentencing scheme." Commonwealth v. McNabb, 819 A.2d 54, 56 (Pa.Super. 2003). The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa.Super. 2007).

Defendant's Rule 1925(b) statement sets forth no such claim and no evidence exists of record to support such a claim. "An allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." Commonwealth v. Cruz-Centeno, 668

A.2d 536, 545 (Pa.Super. 1995) quoting, Commonwealth v. Urrutia, 653 A.2d 706, 710 (Pa.Super. 1995). An allegation that a sentence is manifestly excessive fails to raise a substantial question when the sentence imposed falls within the statutory limits. Commonwealth v. Coss, 695 A.2d 831, 833 (Pa.Super. 1997). A claim that the trial court failed to consider the defendant's rehabilitative needs, age and educational background does not present a substantial question. Commonwealth v. Cannon, 954 A.2d 1222, 1228-29 (Pa.Super. 2008).

Even if it were determined that Defendant raised a substantial question regarding the sentence we imposed, his appeal must fail. "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." Commonwealth v. Griffin, 804 A.2d 1, 10 (Pa.Super. 2002) appeal denied, 868 A.2d 1198 (Pa. 2005) cert. denied, 545 US. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." Id. Where a pre-sentence report exists, there shall be a presumption that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1998). In addition, Pennsylvania law views a sentence as appropriate under the Sentencing Code when it is within the standard range of the guidelines. Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010). A sentence imposed within the guidelines may be reversed only if application of the guidelines is clearly unreasonable. Commonwealth v. Macias, 968 A.2d 773, 777 (Pa.Super. 2009); 42 Pa.C.S.A. Section 9781(c). Unreasonable means a decision that is either irrational or not guided by sound judgment. Commonwealth v. Walls, 926 A.2d 957, 963 (Pa. 2007).

The standard range of the guidelines for criminal attempt to commit criminal homicide is ninety-six to two hundred forty months. Defendant's sentence of two hundred forty to four hundred eighty months is within the standard range. Defendant's concurrent sentence of forty-eight to ninety-six months on the aggravated assault, causing serious bodily injury charge is also within the standard range. Defendant intended to kill the victim by shooting him in the back of the head. The victim most likely escaped death by turning his head slightly immediately prior to the shotgun blast. N.T. 2/13/18 at 66. Application of the guidelines based on the facts of this case was clearly appropriate. A sentence of twenty to forty years is neither unreasonable nor excessive. No abuse of discretion occurred. Defendant's convictions and judgment of sentence imposed by this Court on April 10, 2018 should be affirmed.

BY THE COURT:

DATE: October 16, 2018          MICHAEL T. VOUGH,          J.

Copies:
Luzerne County District Attorney's Office
Matthew P. Kelly, Esquire